IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE, individually and on behalf of others similarly situated, <br> Plaintiff, <br><br> v. <br><br> TRIBUNE PUBLISHING COMPANY, <br> Defendant. | Case No. 1:20-cv-07666 <br><br><br><br> **Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

1. Defendant Tribune Publishing Company ("Tribune") called Plaintiff's residential phone line nine times in attempts to sell him newspaper delivery service, using multiple spoofed caller IDs.

2. Plaintiff asked Tribune to stop calling during the second call. Tribune ignored this request and continued calling seven more times over a period of several months.

3. Tribune's calls to Plaintiff violated the Telephone Consumer Protection Act's Internal Do Not Call and Do Not Call Registry provisions.

4. Plaintiff seeks money damages and injunctive relief for himself and classes of other similarly situated persons, pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## INTRODUCTION

5. Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology has also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money. As a result, the federal government and numerous states have enacted legislation to

combat these widespread telecommunications abuses. As Congress recognized:

> Many customers are outraged over the proliferation of intrusive, nuisance calls to their homes…. Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Pub. L. No. 102-243, 105 Stat. 2394 § 2(6, 12) (1991).

6. As is relevant here, the TCPA provides that "[n]o person or entity shall initiate any telephone solicitation to ... [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

7. The TCPA further prohibits "initiat[ing] any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]" 47 C.F.R. § 64.1200(d).

8. The FCC—which develops the rules and regulations implementing the TCPA—has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, at ¶ 13 (1995).

9. The FCC has "repeatedly acknowledged the existence of vicarious liability under the TCPA." *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 878 (9th Cir. 2014) (citing *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574 (2013) ("*FCC 2013 Ruling*")). In addition to formal agency, principles of apparent authority and ratification may also provide a basis for vicarious seller liability for

TCPA violations. *FCC 2013 Ruling*, 28 FCC Rcd. at 6584 ¶ 28.

10. The TCPA provides for injunctive relief and the greater of actual damages or up to $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(c)(5).

11. Defendant caused multiple telemarketing calls to be made to the phones of Plaintiff and others without their prior express invitation or permission, despite such person's prior request to not be called and/or registration with the National Do Not Call Registry. Plaintiff files this class action complaint on behalf of himself and others similarly situated, seeking relief from Defendant's illegal calling practices.

## PARTIES

12. Plaintiff George Moore is a natural person who resides in DuPage County, Illinois, and is a citizen of Illinois. He was in this District when he received the calls alleged herein.

13. Defendant Tribune Publishing Company is a publicly-traded media company that publishes numerous newspapers, including the Chicago Tribune. It is headquartered in Chicago, Illinois, and is a citizen of Illinois. Tribune is incorporated in Delaware.

## JURISDICTION AND VENUE

14. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

15. The Court also has Class Action Fairness Act jurisdiction, because there are thousands of members of each nationwide class, at least one class member is a citizen of a different state from where any Defendant is a citizen, and because the aggregate damages exceed

$5,000,000, exclusive of fees, costs and interest.

16.     The Court has personal jurisdiction over Defendant and venue is appropriate in this District under 28 U.S.C. § 1391(a) because Defendant does business in this District, Defendant made or caused to be made the calls that are the subject of this lawsuit to Plaintiff and others in this District, knowingly solicited and sold newspaper home delivery subscriptions and other products and services to Plaintiff and other Illinois consumers during the calls at issue, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

**FACTS**

17.     Plaintiff's telephone number (630) XXX-1188 is a residential number that has been continuously registered on the National Do-Not-Call Registry for more than 10 years prior to receipt of the calls at issue.

18.     On March 13, 2019, Tribune called Plaintiff's residential number for the purpose of trying to sell Plaintiff home delivery of the Chicago Tribune, using caller ID 217-480-3315. Plaintiff informed the representative that he was not interested. The caller ID for this call was manipulated so it appeared to come from someone other than Tribune.

19.     On March 22, 2019, Tribune again called Plaintiff's residential line from caller ID 217-480-3315. During this call, Plaintiff asked the representative to place him on the do-not-call list. The Tribune representative acknowledged the request, and stated that he had placed Plaintiff on Tribune's do-not-call list.

20.     On May 17, 2019, Tribune again called Plaintiff for purposes of trying to sell him home delivery of its newspaper. Tribune manipulated the caller ID in order to try to trick Plaintiff into answering a call that he might not otherwise have answered, and in order to try to

conceal that the call was made in contravention of its record of Plaintiff requesting no more calls.

21. On July 17, 2019, Tribune again called Plaintiff, again for the purpose of selling him the Chicago Tribune home delivery. Tribune again manipulated the caller ID, this time using 312-327-6771.

22. On January 22, 2020, Tribune again called Plaintiff, again for the purpose of selling him the Chicago Tribune home delivery. Tribune again manipulated the caller ID, this time using 847-496-3564.

23. Tribune called Plaintiff four more times using caller ID 847-496-3564, on February 24, 2020, March 2, 2020, April 21, 2020 and April 25, 2020. Like the others, this caller ID was spoofed.

24. None of the caller IDs from which Tribune called Plaintiff are working numbers, and none of the caller IDs identified Tribune.

25. The Tribune employees or representatives who made these calls used a nearly identical sales script during each of the calls to Plaintiff. The sales script did not provide a valid callback number or address.

26. Upon information and belief, Tribune keeps track of its contacts with consumers, and knew when it made these calls that Plaintiff's number was on the National Do Not Call Registry, and knew that Plaintiff was not a customer of Tribune when it made these calls to him, and had not made an inquiry regarding Tribune goods or services for more than three months. *See* 47 C.F.R. § 64.1200(f)(5).

27. Plaintiff did not otherwise consent to or ask for Tribune's calls. To the contrary, he asked not to receive calls.

28. Plaintiff attempted in good faith to resolve this dispute with Tribune, pre-suit, by

sending a certified mail letter to Tribune's CEO Terry Jimenez on October 12, 2020. Tribune ignored Plaintiff's letter. Plaintiff sent a follow-up email to Tribune's deputy general counsel on November 13, 2020, which was also ignored. Tribune's refusal to respond or engage in such discussions with Plaintiff was in bad faith, and prompted this lawsuit.

29. Tribune knows that the public hates robocalls like the ones at issue here, and knows that they're illegal. It has even published articles criticizing others for using some of the same techniques it employed in these calls.

30. Plaintiff and the class were damaged by Tribune's violations of the TCPA. They were harassed, their privacy was invaded, the calls temporarily seized control of their phone lines thus preventing legitimate use of the equipment, and the calls were annoying. Moreover, Plaintiff and the class were tricked into answering calls they might not normally answer as a result of Tribune's caller ID spoofing.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action under Federal Rules of Civil Procedure 23(b)(2) and (b)(3), on behalf of the following classes:

> **National DNC Class:** All persons within the United States whose residential lines Tribune or someone on its behalf called more than once for the purpose of encouraging the purchase of goods or services within any 12-month period, despite the residential phone number having been registered on the National Do Not Call Registry for more than 31 days, where Defendant did not have a signed, written agreement with the consumer stating that he or she agrees to be contacted by them at the phone number, and the person had not been a customer of Tribune in the past 18 months and had not inquired as to goods or services in the past three months.
>
> **Internal DNC Class:** All persons within the United States to whom Tribune or someone on its behalf initiated more than one call within any 12-month period for the purpose of encouraging the purchase of goods or services, where at least one call came after a request to stop calling.
>
> **Failure to Identify Class:** All persons within the United States who received

more than one call in a 12-month period from Tribune, where the caller ID showed a spoofed telephone number.

32. Upon information and belief, there are thousands of persons in each class as alleged above.

33. Common questions of law or fact exist as to all members of the classes, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

    a. Whether Defendant had proper written consent or permission to call Plaintiff and the classes;

    b. Whether Defendant had properly implemented do-not-call procedures meeting the minimum standards required under 47 C.F.R. § 64.1200(d);

    c. Whether Tribune had a pattern or practice of manipulating Caller IDs;

    d. Whether Defendant had established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations; and

    e. Damages, including whether any violations were willful or knowing, such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(c)(5). *Krakauer v. Dish Network*, LLC, 925 F.3d 643, 663 (4th Cir.), *cert. denied*, 140 S. Ct. 676, 205 L. Ed. 2d 440 (2019) (affirming award of treble damages in TCPA Do Not Call Registry class action).

34. Plaintiff's claims are typical of the claims of the other members of each of the classes. The factual and legal bases of Defendant's liability to Plaintiff and the other members of the class are the same: They violated the TCPA by causing multiple unsolicited telephone

solicitations to be made to the telephone number of each member of each class above.

35. Plaintiff will fairly and adequately protect the interests of the classes. Plaintiff has no interests that might conflict with the interests of the classes. Plaintiff is interested in pursuing his claims vigorously, and he has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

36. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of members of each class, such that joinder of all members is impracticable.

37. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

38. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the classes, thereby making relief appropriate with respect to each class as a whole. Prosecution of separate actions by individual members of the classes, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the classes that would establish incompatible standards of conduct.

39. The identity of the classes is, on information and belief, readily identifiable from Defendant's records.

**COUNT I**
**Violations of the Do Not Call Registry provisions of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

40. Plaintiff re-alleges and incorporates all prior paragraphs. This Count I is brought by Plaintiff on behalf of himself and the National DNC Class.

41. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

42. Defendant violated the TCPA by initiating or causing to be initiated multiple telephone solicitations to Plaintiff and the other members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

43. Upon information and belief, Tribune did not bother to scrub Plaintiff or the class members' phone numbers against the Do Not Call Registry, as the TCPA required it to do.

44. These violations were willful or knowing.

45. As a result of Defendant's violations of the TCPA's national do-not-call rule, Plaintiff and the other members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

46. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

47. To the extent a Defendant did not physically "initiate" the calling at issue itself, it is nonetheless vicariously liable based on theories of actual authority, apparent authority, and ratification, for these calls were made on its behalf.

WHEREFORE, Plaintiff George Moore, individually and on behalf of the National DNC

Class, respectfully requests that the Court enter judgment against Defendant for:

    A.    Certification of the National DNC Class as alleged herein;

    B.    Damages, pursuant to 47 U.S.C. § 227(c)(5);

    C.    Injunctive relief, pursuant to 47 U.S.C. § 227(c)(5), aimed at preventing Defendant from violating the TCPA in the future, including:

        1.    Prohibiting Tribune from calling any phone number that is on the National Do Not Call Registry; and

        2.    Requiring Tribune to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA Do Not Call violations by Tribune or anyone making calls on its behalf, and (b) audit all calls made by or on behalf of Tribune to ensure that no phone numbers on the National Do Not Call Registry are called.

    D.    Attorneys' fees and costs, as permitted by law; and

    E.    Such other or further relief as the Court deems just and proper.

## COUNT II
### Refusal to Stop Calling Upon Demand Violations of the Internal Do Not Call provisions of the TCPA, 47 U.S.C. § 227; 47 C.F.R. § 64.1200(d)
### (On Behalf of Plaintiff and the Internal DNC Class)

48.    Plaintiff re-alleges and incorporates all prior paragraphs. This Count II is brought by Plaintiff on behalf of himself and the Internal DNC Class.

49.    It is a violation of the TCPA to "initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d).

50.    Tribune either did not have a Do Not Call policy, its policy was insufficient

and/or it failed to adhere to whatever policy it had. Its calls to Plaintiff and the Internal DNC Class after they had requested no more calls therefore violated the TCPA.

51. These violations were willful or knowing.

WHEREFORE, Plaintiff George Moore, individually and on behalf of the Internal DNC Class, respectfully requests that the Court enter judgment against Defendant for:

    A.    Certification of the Internal DNC Class as alleged herein;

    B.    Damages, pursuant to 47 U.S.C. § 227(c)(5);

    C.    Injunctive relief, pursuant to 47 U.S.C. § 227(c)(5), aimed at preventing Defendant from violating the TCPA in the future, including:

        1. Requiring Tribune to establish a comprehensive do-not-call policy, and prohibiting any and all outbound sales calls before such has been implemented and tested;

        2. Requiring Tribune to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of Defendant's telemarketing calls to ensure that it is identified during the beginning of each call; and

        3. Requiring Tribune to include a telemarketing opt-out suggestion as part of its initial script when a consumer answers a call.

    D.    Attorneys' fees and costs, as permitted by law; and

    E.    Such other or further relief as the Court deems just and proper.

## COUNT III
### Identification Violations of the Internal Do Not Call provisions of the TCPA, 47 U.S.C. § 227; 47 C.F.R. § 64.1200(d)(4)
**(On Behalf of Plaintiff and the Failure to Identify Class)**

52. Plaintiff re-alleges and incorporates all prior paragraphs. This Count III is brought

by Plaintiff on behalf of himself and the Failure to Identify Class.

53. The TCPA, 47 C.F.R. § 64.1200(d)(4), requires that a caller identify itself, the entity whose goods or services are being sold, as well as a phone number or address at which a do-not-call request may be made.

54. None of Tribune's calls identified a telephone number where Tribune could be contacted. To the contrary, Tribune's calls instead identified fake, spoofed telephone numbers.

55. Tribune's Caller ID spoofing was by design in order benefit Tribune by tricking consumers like Plaintiff into answering calls they wouldn't have otherwise answered. Caller ID spoofing also had the purpose and effect of concealing the true nature of its calls, thus limiting Tribune's exposure to lawsuits like this one.

56. These violations were willful or knowing.

57. Plaintiff seeks damages and injunctive relief for himself and the class, pursuant to 47 U.S.C. § 227(c)(5).

58. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

WHEREFORE, Plaintiff George Moore, individually and on behalf of the Failure to Identify Class, respectfully requests that the Court enter judgment against Defendant for:

    A. Certification of the Failure to Identify Class as alleged herein;

    B. Damages, pursuant to 47 U.S.C. § 227(c)(5);

    C. Injunctive relief, pursuant to 47 U.S.C. § 227(c)(5), aimed at preventing Defendant from violating the TCPA in the future, including:

        1. Prohibiting Defendant from spoofing caller ID on telemarketing calls, and requiring Tribune to monitor inbound calls made to the

caller ID used for any such calls;

2. Requiring Defendant to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of Defendant's telemarketing calls to ensure that it is identified during the beginning of each call; and

3. Requiring Tribune to include a telemarketing opt-out suggestion as part of its initial script when a consumer answers a call.

D. Attorneys' fees and costs, as permitted by law; and

E. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: December 22, 2020

GEORGE MOORE, individually and on behalf of others similarly situated

By: */s/ Alexander H. Burke*

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
909 Davis St., Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

*Counsel for Plaintiff*

**Document Preservation Demand**

      Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or artificial or prerecorded voice calls, e-mails, recordings, documents, and all other tangible things that relate to the allegations herein, Plaintiff, or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiffs or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

                                                                                                         */s/ Alexander H. Burke*