IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE MOORE, individually and on behalf of others similarly situated, Plaintiff, | ) ) ) ) | Case No. 1:20-cv-07666 |
| v. | ) ) ) | |
| TRIBUNE PUBLISHING COMPANY, Defendant. | ) ) ) | Hon. Judge Matthew F. Kennelly Hon. Mag. Judge Gabriel A. Fuentes |

**DECLARATION OF ALEXANDER H. BURKE**

I, Alexander H. Burke, hereby declare as follows:

1. I am the manager and owner of Burke Law Offices, LLC. I represent the Plaintiff in this matter, and I submit this declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement in this action. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2. I opened Burke Law Offices, LLC in September 2008. The firm concentrates on consumer class action and consumer work on the plaintiff side. Since the firm began, it has focused on prosecuting cases pursuant to the Telephone Consumer Protection Act, although the firm accepts the occasional action pursuant to the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Equal Credit Opportunity Act, Electronic Funds Transfer Act, Illinois Consumer Fraud Act, Truth in Lending Act and the Fair Labor Standards Act, among others. The firm also sometimes accepts mortgage foreclosure defense or credit card defense case. Except for debt collection defense cases, the firm works almost exclusively on a contingency basis.

3. I have been regularly asked to speak regarding TCPA issues, on the national level. For example, I conducted a one-hour CLE on prosecuting TCPA autodialer and Do Not Call

claims pursuant to the Telephone Consumer Protection Act for the National Association of Consumer Advocates in summer 2012, and spoke on similar subjects at the annual National Consumer Law Center ("NCLC") national conferences in 2012, 2013, 2014, 2015, 2016, 2017 and 2018. I also spoke at a National Association of Consumer Advocates conference regarding TCPA issues in March 2015, and in May 2016, I spoke on a panel concerning TCPA issues at the 2016 Practicing Law Institute Consumer Financial Services meeting in Chicago, Illinois.

      4.      I also am actively engaged in policymaking as to TCPA issues, and have had *ex parte* meetings with various decision makers and staffers at the Federal Communications Commission.

      5.      I make substantial efforts to remain current on the law, including class action issues. I attended the National Consumer Law Center's Consumer Rights Litigation Conference in 2006 through 2020, and was an active participant in the Consumer Class Action Intensive Symposium between 2006 and 2013, 2017 and 2018. In October 2009, I spoke on a panel of consumer class action attorneys welcoming newcomers to the conference. In addition to regularly attending Chicago Bar Association meetings and events, I was the vice-chair of the Chicago Bar Association's consumer protection section in 2009 and the chair in 2010. In November 2009, I moderated a panel of judges and attorneys discussing recent events and decisions concerning arbitration of consumer claims and class action bans in consumer contracts.

      6.      Some notable TCPA class actions and other cases that my firm has worked on include: *Kyle v. Charter Commc'ns, Inc.*, 2020 WL 2028269 (W.D. Mo. Apr. 27, 2020) (motion to dismiss or stay TCPA case denied); *Gurzi v. Penn Credit, Corp.*, 2020 WL 1501893 (M.D. Fla. Mar. 30, 2020) (finding VoApps calls to be covered by the TCPA); *Hoagland v. Axos Bank*, 2020 WL 583974 (S.D. Cal. Feb. 6, 2020) (motion to dismiss or stay TCPA case denied);

*Charvat v. Valente*, 2019 WL 5576932 (N.D. Ill. Oct. 28, 2019) ($12.5M TCPA settlement finally approved); *Brown v. DirecTV, LLC*, 2019 WL 6604879 (C.D. Cal. Aug. 5, 2019) (certifying TCPA litigation class); *Leeb v. Charter Commc'ns, Inc.*, 2019 WL 1472587 (E.D. Mo. Apr. 3, 2019) (appointing Burke Law Offices as Fed.R.Civ.P. 23(g) interim lead class counsel), *earlier decision* 2019 WL 144132 (Jan. 19, 2019) (compelling class data in TCPA case); *Brown v. DirecTV, LLC*, 2019 WL 1434669, at *1 (C.D. Cal. Mar. 29, 2019) (granting class certification in TCPA case, appointing Burke Law Offices as class counsel); *Rodriguez v. Premier Bankcard, LLC*, No. 3:16-cv-02541, 2018 WL 4184742 (N.D. Ohio Aug. 31, 2018) (defense summary judgment motion denied); *Saunders v. Dyck O'Neal, Inc.*, No. 1:17-cv-00335, 2018 WL 3453967 (W.D. Mich. July 16, 2018) (as a matter of first impression, holding that "direct drop" voice mails are covered by the TCPA), *Postle v. Allstate Ins. Co.*, No. 17-CV-07179, 2018 WL 1811331, at *1 (N.D. Ill. Apr. 17, 2018) (denying motion to dismiss on statutory standing grounds); *Toney v. Quality Res., Inc.*, 323 F.R.D. 567, 573 (N.D. Ill. 2018) (certifying contested telemarketing TCPA class); *Cross v. Wells Fargo, N.A.*, 1:15-cv-1270, Docket Entry 103 (Feb. 10, 2017 N.D.Ga.) (final approval granted for $30M class settlement where I was lead counsel); *Lowe v. CVS Pharmacy, Inc.*, No. 14 C 3687, 2017 WL 528379 (N.D. Ill. Feb. 9, 2017) (personal jurisdiction motion denied in large TCPA case); *Markos v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv-1156-LMM, 2017 WL 416425 (Jan. 30, 2017, N.D.Ga.) (final approval granted for $16M class settlement where I was lead counsel); *Tillman v. The Hertz Corp.*, No. 16 C 4242, 2016 WL 5934094 (N.D. Ill. Oct. 11, 2016) (motion to compel TCPA class case into arbitration denied); *Hurst v. Monitronics Int'l, Inc.*, No. 1:15-CV-1844-TWT, 2016 WL 523385 (N.D. Ga. Feb. 10, 2016); (motion to compel arbitration denied); *Smith v. Royal Bahamas Cruise Line*, No. 14-CV-03462, 2016 WL 232425 (N.D. Ill. Jan. 20, 2016)

(personal jurisdiction motion denied); *Bell v. PNC Bank, Nat'. Ass'n*., 800 F.3d 360 (7th Cir. 2015) (class certification affirmed in wage and hour case); *Charvat v. Travel Services*, 2015 WL 3917046 (N.D. Ill. June 24, 2015) (determining proper scope of class representative discovery in TCPA case), and 2015 WL 3575636 (N.D. Ill. June 8, 2015) (granting plaintiff's motion to compel vicarious liability/agency discovery in TCPA case); *Lees v. Anthem Ins. Cos. Inc*., 2015 WL 3645208 (E.D. Mo. June 10, 2015) (finally approving TCPA class settlement where I was class counsel); *Hofer v. Synchrony Bank*, 2015 WL 2374696 (E.D. Mo. May 18, 2015) (denying motion to stay TCPA case on primary jurisdiction grounds); *In re Capital One TCPA Litig*., No. 11-5886, 2015 WL 605203 (N.D. Ill. Feb. 12, 2015) (granting final approval to TCPA class settlement where I was class counsel); *Wilkins v. HSBC Bank Nevada, N.A.,* 2015 WL 890566 (N.D. Ill. Feb. 27, 2015) (granting final approval to TCPA class settlement where I was class counsel); *Hossfeld v. Government Employees Ins. Co.*, 88 F. Supp. 3d 504 (D. Md. 2015) (denying motion to dismiss in TCPA class action); *Legg v. Quicken Loans, Inc*., 2015 WL 897476 (S.D. Fla. Feb. 25, 2015) (denying motion to dismiss in TCPA case); *Hanley v. Fifth Third Bank*, No. 1:12-cv-1612 (N.D. Ill. Dec. 27, 2013) (final approval for $4.5 million nonreversionary TCPA settlement); *Smith v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 228892, (N.D.Ill. Jan. 21, 2014) (designating me as pursuant to Fed.R.Civ.P. 23(g) interim liaison counsel pursuant to contested motion in large TCPA class case), 2014 WL 3906923 (Aug 11, 2014) (motion to dismiss denied in cutting edge TCPA vicarious liability case); *Markovic v. Appriss, Inc*., 2013 WL 6887972 (S.D. Ind. Dec. 31, 2013) (motion to dismiss denied in TCPA class case); *Martin v. Comcast Corp.*, 2013 WL 6229934 (N.D. Ill. Nov. 26, 2013) (motion to dismiss denied in TCPA class case); *Gold v. YouMail, Inc*., 2013 WL 652549 (S.D. Ind. Feb. 21, 2013) (contested motion for leave to amend granted to permit cutting-edge vicarious liability theory

allegations); *Martin v. Dun & Bradstreet, Inc.*, No. 1:12-cv-215 (N.D. Ill. Aug. 21, 2012) (Denlow, J.) (certifying litigation class and appointing me as class counsel) (final approval granted for $7.5 million class settlement granted January 16, 2014); *Desai v. ADT, Inc.*, No. 1:11-cv-1925 (N.D. Ill. June 21, 2013) (final approval for $15 million TCPA class settlement granted); *Martin v. CCH, Inc.*, No. 1:10-cv-3494 (N.D. Ill. Mar. 20, 2013) (final approval granted for $2 million class settlement in TCPA autodialer case); *Swope v. Credit Mgmt., LP*, 2013 WL 607830 (E.D. Mo. Feb. 19, 2013) (denying motion to dismiss in "wrong number" TCPA case); *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838 (N.D. Ill. Aug. 10, 2012) (denying motion to dismiss TCPA case on constitutional grounds); *Soppet v. Enhanced Recovery Co.*, 2011 WL 3704681(N.D. Ill. Aug 21, 2011), *aff'd*, 679 F.3d 637 (7th Cir. 2012) (TCPA defendant's summary judgment motion denied. My participation was limited to litigation in the lower court); *D.G. ex rel. Tang v. William W. Siegel & Assocs., Attorneys at Law, LLC*, 2011 WL 2356390 (N.D. Ill. Jun 14, 2011); *Martin v. Bureau of Collection Recovery*, 2011WL2311869 (N.D. Ill. June 13, 2011) (motion to compel TCPA class discovery granted); *Powell v. West Asset Mgmt., Inc.,* 773 F. Supp. 2d 898 (N.D. Ill. 2011) (debt collector TCPA defendant's "failure to mitigate" defense stricken for failure to state a defense upon which relief may be granted); *Fike v. The Bureaus, Inc.*, 09-cv-2558 (N.D. Ill. Dec. 3, 2010) (final approval granted for $800,000 TCPA settlement in autodialer case against debt collection agency); *Donnelly v. NCO Fin. Sys., Inc.*, 263 F.R.D. 500 (N.D. Ill. Dec. 16, 2009) (Fed. R. Civ. P. 72 objections overruled in toto), 2010 WL 308975 (N.D. Ill. Jan 13, 2010) (novel class action and TCPA discovery issues decided favorably to class).

  7.  Before I opened Burke Law Offices, LLC, I worked at two different plaintiff boutique law firms doing mostly class action work, almost exclusively for consumers. Some

decisions that I was actively involved in obtaining while at those law firms include: *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831 (N.D. Ill. 2008) (FCRA class certification granted); 542 F. Supp. 2d 842 (N.D. Ill. 2008) (plaintiffs' motion for judgment on pleadings granted); *Harris v. Best Buy Co.*, No. 07 C 2559, 2008 U.S. Dist. LEXIS 22166 (N.D. Ill. Mar. 20, 2008) (Class certification granted); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D. Ill. 2008) (FCRA class certification granted); *Redmon v. Uncle Julio's, Inc.*, 249 F.R.D. 290 (N.D. Ill. 2008) (FCRA class certification granted); *Harris v. Circuit City Stores, Inc.*, 2008 U.S. Dist. LEXIS 12596, 2008 WL 400862 (N.D. Ill. Feb. 7, 2008) (FCRA class certification granted); *aff'd upon objection* (Mar. 28, 2008); *Harris v. Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. Oct. 10, 2007) (motion to dismiss in putative class action denied); *Barnes v. FleetBoston Fin. Corp., C.A.* No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D. Mass. Aug. 22, 2006) (appeal bond required for potentially frivolous objection to large class action settlement, and resulting in a $12.5 million settlement for Massachusetts consumers); *Longo v. Law Offices of Gerald E. Moore & Assocs., P.C.*, No. 04 C 5759, 2006 U.S. Dist. LEXIS 19624 (N.D. Ill. March 30, 2006) (class certification granted); *Nichols v. Northland Groups, Inc.*, Nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 U.S. Dist. LEXIS 15037 (N.D. Ill. March 31, 2006) (class certification granted for concurrent classes against same defendant for ongoing violations); *Lucas v. GC Services, L.P.*, No. 2:03 cv 498, 226 F.R.D. 328 (N.D. Ind. 2004) (compelling discovery), 226 F.R.D. 337 (N.D. Ind. 2005) (granting class certification); *Murry v. America's Mortg. Banc, Inc.*, Nos. 03 C 5811, 03 C 6186, 2005 WL 1323364 (N.D. Ill. May 5, 2006) (Report and Recommendation granting class certification), *aff'd*, 2006 WL 1647531 (June 5, 2006); *Rawson v. Credigy Receivables, Inc.*, No. 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D.

6

Ill. Feb. 16, 2006) (denying motion to dismiss in class case against debt collector for suing on time-barred debts).

8. I graduated from Colgate University in 1997 (B.A. Int'l Relations), and from Loyola University Chicago School of Law in 2003 (J.D.). During law school I served as an extern to the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois, and as a law clerk for the Honorable Nancy Jo Arnold, Chancery Division, Circuit Court of Cook County. I also served as an extern for the United States Attorney for the Northern District of Illinois, and was a research assistant to adjunct professor Hon. Michael J. Howlett, Jr.

9. I was the Feature Articles Editor of the Loyola Consumer Law Review and Executive Editor of the International Law Forum. My published work includes International Harvesting on the Internet: A Consumer's Perspective on 2001 Proposed Legislation Restricting the Use of Cookies and Information Sharing, 14 Loy. Consumer L. Rev. 125 (2002).

10. I became licensed to practice law in the State of Illinois in 2003 and the State of Wisconsin in March 2011, and am a member of the bar of the United States Court of Appeals for the First, Second, Seventh, Eighth, and Eleventh Circuits, as well as the Northern, Central, and Southern Districts of Illinois, Eastern and Western Districts of Wisconsin, Northern and Southern Districts of Indiana, the District of Nebraska, Western District of New York, Eastern District of Missouri, and District of Colorado. I am also a member of the Illinois State Bar Association, the Chicago Bar Association, the Seventh Circuit Bar Association, and the American Bar Association, as well as the National Association of Consumer Advocates

11. The firm has one associate, Daniel J. Marovitch. Mr. Marovitch is a 2010 graduate of Loyola University Chicago School of Law, and is admitted to practice in the State of

7

Illinois and United States District Court for the Northern District of Illinois and District of Colorado.

13. My firm pursued this case on an entirely contingent-fee basis, devoting time and resources without any guarantee of payment.

13. The attorneys at Burke Law Offices, LLC have zealously advocated on behalf of Plaintiff and the class in this case. We have invested substantial time and resources preparing this case, including through investigating Plaintiff's individual and class claims, conducting substantial discovery that included details about the scope of the putative class as well as information about the nature and cause of the alleged TCPA violations at issue, and working to negotiate the Settlement. My firm and I have devoted, and will continue to devote, the experience and resources necessary to protect the class members' interests.

14. Here, the Parties entered into the Settlement only after both sides were fully apprised of the facts, risks, and obstacles involved with continued litigation. Plaintiff engaged in first- and third-party discovery as to the calling at issue, during which Plaintiff received over 5,000 of pages of documents and tens of millions of rows of data in response to discovery requests to Tribune and its vendor CES. Plaintiff also conditioned agreeing to participate in mediation on Tribune's informal production of additional class-related information. Following mediation briefing presenting the strengths and weaknesses of their respective positions, the Parties participated in an all-day, arm's-length mediation with the Hon. Morton Denlow (ret.) of JAMS on October 4, 2021, during which they reached an agreement in principle. Even then, Plaintiff required that Tribune submit to confirmatory discovery to verify the Class List. The Parties negotiated the final terms of the agreement over the following weeks, ultimately executing the Settlement Plaintiff now respectfully asks the Court to preliminarily approve. We

were thus fully apprised of the facts, risks, and obstacles involved with continued litigation, and did everything possible to get the best possible result for the Class.

15. There is nothing to suggest that Plaintiff has any conflict with the class or interest antagonistic to the vigorous pursuit of the class claims against Tribune. Rather, Plaintiff Moore's claims and interests are aligned with those of the other Class Members. The evidence my firm has gathered in this case shows that Plaintiff Moore, like all Class Members, received multiple Tribune telephone solicitations in a 12-month period from CES more than 18 months after he cancelled his subscription, and his number is on the Class List. He thus had every incentive to vigorously pursue the claims of the Class, as he has done by remaining actively involved in this matter since its inception. Unlike unnamed persons in the Settlement Class, who will enjoy the benefits of Mr. Moore's efforts without taking any personal action, Plaintiff here exposed himself to investigation, responded to discovery and thwarted with Defendant's' assertions that he did something untoward when he recorded Tribune's violative calls, committed himself to all the rigors of litigation in the event the case did not settle, and subjected himself to all the obligations of a named party, including assisting in investigating his case, responding to and participating in the discovery process, providing documents, and considering and approving the Settlement. Plaintiff has been committed to prosecuting this action on behalf of the class throughout these proceedings, and his efforts were crucial to the successful resolution of this action.

16. Given the meaningful recovery for the class that results from the parties' settlement—which is well in line with other TCPA class action settlements—and considering the considerable delay and risks associated with continuing to litigate this matter, Plaintiff, my co-counsel, and I firmly believe that the settlement is fair, reasonable, and adequate, and that it far

outweighs the delay and considerable risk attendant to proceeding with this matter in a contested fashion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 18, 2021.

_s/ Alexander H. Burke_