IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE, individually and on behalf of others similarly situated,<br>Plaintiff,<br><br>v.<br><br>TRIBUNE PUBLISHING COMPANY,<br>Defendant. | Case No. 1:20-cv-07666<br><br>Hon. Judge Matthew F. Kennelly |

**PRELIMINARY APPROVAL ORDER**

Upon review and consideration of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, including the Parties' Settlement Agreement and Release and all exhibits thereto, and the arguments of counsel, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. **Settlement Terms**. Unless otherwise defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Parties' Settlement Agreement.

2. **Jurisdiction**. The Court has jurisdiction over the subject matter of the Litigation, the Parties, and all members of the Settlement Class.

3. **Scope of Settlement.** The Agreement resolves all Released Claims of Plaintiff and the Settlement Class—i.e., all claims, demands, causes of actions, suits, damages, and fees of any kind, arising under the TCPA concerning outbound calls CES made to solicit business for Tribune, between December 11, 2017 and April 15, 2021—against Tribune and its respective past, present, and future parents, subsidiaries, holding companies, affiliated companies, subsidiaries and corporations, and each of its and their respective past, present and future directors, officers, managers, employees, general partners, limited partners, service providers, contractors, independent contractors, platforms, principals, employees, insurers, reinsurers,

attorneys, advisors, representatives, predecessors, successors, assigns, vendors, and legal representatives.

4. **Preliminary Approval of Proposed Settlement.** The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this evaluation, the Court finds that giving notice of the proposed Settlement to the Settlement Class is justified by the Parties' showing that the Court will likely be able to: (i) approve the proposal under Fed. R. Civ. P. 23(e)(2); and (ii) certify the Settlement Class for purposes of judgment on the proposal. The Court preliminarily finds that the Settlement is fair, reasonable, and adequate, and within the range of possible approval, including based on a preliminary finding that: (A) the Class Representatives and Class Counsel have represented and will continue to adequately represent the Settlement Class; (B) the proposed Settlement was negotiated at arm's length; (C) the relief provided for the Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member claims; (iii) the terms of Class Counsel's intended request for an award of attorney's fees, including timing of payment; and (iv) the terms and provisions under the Parties' Agreement; and (D) the proposal treats Class Members equitably relative to each other. Additionally, the Court finds that the proposed Class Notice (Exs. A-C to the Agreement) provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23, and that the proposed notice program constitutes the best notice practicable under the circumstances. Therefore, the Court grants preliminary approval of the Settlement, and directs that Class Notice issue as set forth in the Parties' Agreement.

5. **Class Certification for Settlement Purposes Only.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies for purposes of this Settlement only, the following Settlement Class:

> All persons who received more than one telephone solicitation from CES regarding Tribune's goods, products, or services in a rolling 12-month period, more than eighteen months after they terminated their relationship with Tribune and whose telephone number was on the National Do Not Call Registry, limited to persons whose phone numbers are on the Class List.
>
> The "Class List" is limited to the 28,412 individuals on the Class List.

6. The Court makes the following determinations as to certification of the Settlement Class:

    a. The Settlement Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the members of the Settlement Class;

    c. The claims of Plaintiff are typical of the claims of the other members of the Settlement Class;

    d. Plaintiff is capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

    e. Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

    f. The Settlement Class is ascertainable; and

    g. Resolution of the Released Claims in this Litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

7. **Designation of Class Representatives.** The Court appoints Plaintiff George Moore as representative of the Settlement Class ("Class Representative") for the sole purpose of seeking a settlement of the Litigation.

8. **Designation of Class Counsel.** Alexander H. Burke and Daniel J. Marovitch of Burke Law Offices, LLC are hereby designated as Class Counsel for the Settlement Class.

9. **Final Approval Hearing.** A hearing regarding final approval of the Settlement will be held at 9:00 a.m. on March 24, 2022, to determine, among other things, whether to: (i) finally approve the Settlement as fair, reasonable, and adequate; (ii) dismiss the Released Claims in the Litigation with prejudice pursuant to the terms of the Settlement Agreement; (iii) bind Settlement Class Members by the Releases set forth in the Settlement Agreement; (iv) permanently bar Settlement Class Members who have not opted out of the Settlement from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on the Released Claims; (v) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (vi) approve the plan of distribution of the Settlement Fund; (vii) finally certify the Settlement Class; and (viii) approve requested Attorneys' Fees and Expenses and the proposed Incentive Award to Plaintiff.

10. **Settlement Administrator.** American Legal Claim Services, LLC is hereby appointed as the Settlement Administrator, and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

11. **Class Notice.**

      a.      The Court approves the Class Notice in the Settlement Agreement, including the Mail, Email and Website Notices attached as Exhibits A-C to the Settlement Agreement and the manner of providing Notice to Settlement Class Members described in Section 6 of the Settlement Agreement. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class. The Court further finds that the Mail, Email and Website Notices are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the notice plan contemplated under the Agreement no later than December 23, 2021 ("Notice Deadline").

      b.      The Parties or Settlement Administrator will file with the Court by no later than March 17, 2022, which is seven (7) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

      c.      Defendant shall comply with its obligation to give notice under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed Settlement. No later than 10 calendar days before the Final Approval Hearing, counsel for Defendant shall cause to be filed with the Court one or more declarations stating that the notice obligations under 28 U.S.C. § 1715 have been met.

12.    **Exclusion from the Settlement Class.** Any potential Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the

Notice and Settlement Website. Any such Request for Exclusion must be postmarked no later than forty-five (45) Days after the Notice Deadline.

        a.    To be valid, the Request for Exclusion must: (a) identify the name and address of the Settlement Class Member requesting exclusion; (b) be personally signed by the Settlement Class Member requesting exclusion; and (c) contain a statement that reasonably indicates a desire to be excluded from the Settlement. Mass or class opt-outs shall not be allowed.

        b.    Except for those members of the Settlement Class who timely and properly file a Request for Exclusion, all other members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon Final Approval, will be bound by its terms, regardless of whether they receive any monetary relief or any other relief, including, but not limited to, the Releases in Section 9 of the Settlement Agreement.

        c.    If 200 or more members of the Settlement Class properly and timely opt out of the Settlement, then the Settlement may be deemed null and void upon notice by Defendant without penalty or sanction.

    13.    **Objections and Appearances.** Any Settlement Class Member who has not submitted a timely written Request for Exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his, her, or its expense. Any Settlement Class Member who wishes to object to the Settlement must do so in writing not later than forty-five (45) Days after the Notice Deadline, as specified in the Class Notice and this Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark)

to Class Counsel and Defense Counsel, no later than forty-five (45) Days after the Notice Deadline, at the following addresses:

> Class Counsel
>
> Alexander H. Burke
> Burke Law Offices, LLC
> 909 Davis St., Suite 500
> Evanston, IL 60201
>
> *Counsel for Plaintiff and Settlement Class*
>
> Defense Counsel
>
> Nathan Garroway
> Dentons US LLP
> 303 Peachtree St. NE, Suite 5300
> Atlanta, GA 30308
>
> *Counsel for Defendant*

14. A valid written objection must include: (a) the name, address, and telephone number of the objecting Settlement Class Member and, if different, the telephone number at which the Settlement Class Member was called on behalf of Tribune during the Settlement Class Period; (b) if represented by counsel, the name, address, and telephone number of the Settlement Class Member's counsel; (c) the specific grounds for the objection, and whether it applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel.

15. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and in this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

16. Subject to approval of the Court, any Settlement Class Member who files and serves a written objection in accordance with Section 11 of the Settlement Agreement and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.  The Notice of Intention to Appear must include, to the extent not otherwise submitted in relation to a filed objection, copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.  Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

17. **Service of Papers.**  Defense Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members.

18. **Termination of Settlement.**  This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of

the Settlement Agreement for any reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

19. **Use of Order Following Termination of Settlement.** This Order shall be of no force and effect if the Settlement does not become Final. This Order shall not be offered by any person as evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or this Order. Neither shall this Order be offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties of:

    a. the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

    b. any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or any other wrongdoing by any of the Released Parties; or

    c. any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding by any of the Released Parties.

20. **Necessary Steps.** The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

21. **Schedule of Future Events**. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **December 1, 2021** | Target date for Tribune to effectuate CAFA Notice |
| **December 23, 2021** [30 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| **January 7, 2022** [15 days after the Notice Deadline] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Incentive Award |
| **February 7, 2022** [45 days after the Notice Deadline] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| **March 3, 2022** [70 days after the Notice deadline] | Deadline to File Motion for Final Approval |
| **March 14, 2022** [10 Days Prior to Final Approval Hearing] | Defendant Shall File with the Court a Declaration Stating that It Complied with Its CAFA Notice Obligations |
| **March 17, 2022** [7 Days Prior to Filing Motion for Final Approval] | Deadline for Settlement Administrator to Provide Class Counsel with Proof of Class Notice, Identifying the Number of Requests for Exclusion, and Number of Claims Received |
| **March 24, 2022, at 9:00 a.m.** [approximately 85 days after Notice Deadline] | Final Approval Hearing |

SO ORDERED.

Dated: 11/23/2021

_____
Hon. Matthew F. Kennelly
United States District Judge