**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GEORGE MOORE, individually and on )
behalf of others similarly situated, )        Case No. 1:20-cv-07666
                     Plaintiff, )
                               )
        v. )        Hon. Judge Matthew F. Kennelly
                               )
TRIBUNE PUBLISHING COMPANY, )
                 Defendant. )

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND**
**DISMISSING CLASS PLAINTIFF'S CLAIMS**

This Court, having held a Final Approval Hearing on March 24, 2022, having provided

notice of that hearing in accordance with the Preliminary Approval Order, and having considered

all matters submitted to it in connection with the Final Approval Hearing and otherwise, and

finding no just reason for delay in entry of this Order Granting Final Approval of Class Action

Settlement and Dismissing Class Plaintiff's Claims (the "Final Approval Order" or this "Order")

and good cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      Unless otherwise defined, all capitalized terms in this Final Approval Order shall

have the same meaning as they do in the Settlement Agreement, Dkt. No. 39-1.

2.      The Court has jurisdiction over the subject matter of the Litigation and over the

Parties, including all Settlement Class Members with respect to the Settlement Class certified for

settlement purposes, as follows:

> All persons who received more than one telephone solicitation from
> CES regarding Tribune's goods, products, or services in a rolling
> 12-month period, more than eighteen months after they terminated
> their relationship with Tribune and whose telephone number was on
> the National Do Not Call Registry, limited to persons whose phone
> numbers are on the Class List.

The "Class List" is limited to the 28,412 individuals on the Class List.

3.     The Court finds that the Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of the Litigation and of the strengths and weaknesses of their respective positions.  Further, settlement occurred only after mediation before a third-party neutral and additional weeks of negotiations between the Parties.  Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

4.     The Court finally certifies the Settlement Class for settlement purposes and finds, for settlement purposes, that the Litigation satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class it seeks to represent; (d) Plaintiff and his counsel have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

5.     The Court finally appoints Alexander H. Burke and Daniel J. Marovitch of Burke Law Offices, LLC as Class Counsel for the Settlement Class.

6.     The Court finally designates Plaintiff George Moore as the Class Representative.

7.　　The Court makes the following findings and conclusions regarding notice to the Settlement Class:

　　　　a.　　The Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order;

　　　　b.　　The Class Notice:(i) constituted the best practicable notice under the circumstances to potential Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

　　　　c.　　The Court finds that Defendant has complied with its notice obligations under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed Settlement.

8.　　The Court finally approves the Settlement Agreement as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e).  The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

9.　　A total of three Settlement Class Members submitted timely and proper requests for exclusion: (1) Barbara Bopp, (2) David E. Bopp, and (3) Bernadine Mudra. The Court hereby

orders that each of those individuals is excluded from the Settlement Class. Those individuals

will not be bound by the Settlement Agreement, and neither will they be entitled to any of its

benefits.

10.     The Court approves the plan of distribution for the Settlement Fund as set forth in

the Settlement Agreement. The Settlement Administrator is ordered to comply with the terms of

the Agreement with respect to distribution of Settlement Relief, including a further payment, if

administratively feasible. Should any unclaimed funds be distributed, the Court hereby approves

National Consumer Law Center as *cy pres* recipient who shall receive a distribution of any

unclaimed funds, after accounting for the costs of administering distributions. This Court finds

this organization closely aligned with the Settlement Class's interests.

11.     Class Counsel have moved for an award of attorneys' fees and reimbursement of

expenses. In reference to such motion, this Court makes the following findings of fact and

conclusions of law:

        a.      that the Settlement confers substantial benefits on the Settlement Class

Members;

        b.      that the value conferred on the Settlement Class is immediate and readily

quantifiable;

        c.      that within 45 days after the Final Settlement Date, Settlement Class

Members will be mailed cash payments that represent a significant portion of the damages that

would be available to them were they to prevail in an individual action under the TCPA;

        d.      that Class Counsel vigorously and effectively pursued the Settlement

Class Members' claims before this Court in this complex case;

e.      that the Settlement was obtained as a direct result of Class Counsel's advocacy;

f.      that the Settlement was reached following extensive negotiation between Class Counsel and Defense Counsel, and was negotiated in good faith and in the absence of collusion;

g.      that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1984).

12.      Accordingly, Class Counsel are hereby awarded $566,666 for attorneys' fees and $11,103.14 in litigation expenses from the Settlement Fund, which this Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement.

13.      The Class Representative, as identified in the Preliminary Approval Order, is hereby compensated in the amount of $10,000 for his efforts in this case.

14.      The terms of the Settlement Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, and anyone claiming through them such as heirs, administrators, successors, and assigns.

15.      The Releases, which are set forth in Section 9 of the Settlement Agreement, are expressly incorporated herein in all respects. Upon the Final Settlement Date, the Releasing Persons shall, by operation of the Judgment, be deemed to have fully, conclusively, irrevocably,

forever, and finally released, relinquished, and discharged the Released Persons from any and all Released Claims.

16.     Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Order, nor any of its terms and provisions nor the Judgment to be entered pursuant to this Order, nor any of its terms and provisions, shall be:

      a.     offered by any person or received against any Released Party as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Consolidated Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Consolidated Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of any Released Party; or

      b.     offered by any person or received against any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Party or any other wrongdoing by any Released Party; or

      c.     offered by any person or received against any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

17.     This Order, the Judgment to be entered pursuant to this Order, and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Person to support a defense of *res judicata*, collateral estoppel, release, good faith settlement,

judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.     Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

19.     This Order and the Judgment to be entered pursuant to this Order shall be effective upon entry.  In the event that this Order and/or the Judgment to be entered pursuant to this Order are reversed or vacated pursuant to a direct appeal in the Litigation or the Settlement Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

20.     A Judgment substantially in the form attached to the Agreement as Exhibit E-1 will be entered forthwith.

SO ORDERED.

Dated: 3/24/2022

Hon. Matthew F. Kennelly
United States District Judge